NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGFU CHEN, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-72473 <br><br> Agency No. A087-802-860 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Hongfu Chen, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We review for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Chen's inconsistent and implausible testimony as to the legality of church attendance in China. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"); *see also Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (substantial evidence supported adverse credibility finding where petitioner had ample opportunity to explain inconsistencies but failed to offer reasonable and plausible explanations). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, we lack jurisdiction to consider any claim by Chen based on China's family planning policy because he did not raise it in his administrative proceedings. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claim in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**